**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEITH ELLIS,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 08-160 Erie** |
| | ) | |
| **vs.** | ) | **District Judge McLaughlin** |
| | ) | **Magistrate Judge Baxter** |
| **UNITED STATES OF AMERICA, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM ORDER**

**I.       Relevant Procedural History**

Plaintiff Keith Ellis, an individual formerly incarcerated at the Federal Correctional Institution at McKean in Bradford, Pennsylvania, filed this civil rights action on May 27, 2008. This matter was assigned to United States District Judge Sean J. McLaughlin, and was subsequently referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

On June 3, 2009, Magistrate Judge Baxter issued a Report and Recommendation recommending that Defendants' motion to dismiss or, in the alternative, motion for summary judgment, be granted in part and denied in part, as follows:

1.       Defendants' motion should be denied with regard to:

       a.       the requested dismissal of Defendants Sherman and Robare;

       b.       Plaintiff's FTCA claim against the United States, to the extent Plaintiff raises a claim of simple negligence;

       c.       Plaintiff's RFRA claims regarding the omission of his name from the call-out list for the 2006 Eid celebration, and the failure and/or refusal to place his name on the call-out list for the Jumu'ah prayer service for a period of three months;

       d.       Plaintiff's First Amendment free exercise of religion claim;

1

      e.     Plaintiff's Fifth Amendment equal protection claim;

      f.      Plaintiff's retaliation claim; and

      g.    the individual Defendants' claim of qualified immunity.

2.     Defendants' motion should be granted with regard to:

      a.     the dismissal of Plaintiff's RLUIPA and APA claims;

      b.     Plaintiff's FTCA claims against the individual Defendants;

      c.     Plaintiff's FTCA claim against the United States, to the extent he attempts to raise an intentional tort;

      d.     Plaintiff's RFRA claims regarding the denial of Halal meat for the 2006 Eid celebration and the refusal to allow prayer oils to be purchased through the SPO program; and

      e.     Plaintiff's Fifth Amendment due process claims.

[Document # 29].

The parties were allowed ten (10) days from the date of service of the Report and Recommendation to file objections.  Plaintiff filed limited objections to the Report and Recommendation on June 19, 2009, primarily objecting to the Magistrate Judge's recommendation to grant Defendants summary judgment on his RFRA claim regarding the provision of prayer oil. [Document # 31].  On July 7, 2009, Defendants also filed objections to the Report and Recommendation, claiming that: (i) Plaintiff cannot support an FTCA claim for simple negligence because he does not allege any physical injuries; (ii) the decision to not provide Halal meat for the 2006 Eid celebration did not violate Plaintiff's First Amendment right to free exercise of religion or his Fifth Amendment right to equal protection; and (iii) Defendants Robare and Sherman should be dismissed based on a recent United States Supreme Court case regarding *respondeat superior* liability. [Document # 33].  With this Court's approval, Plaintiff subsequently filed amended limited objections on July 8, 2009, objecting to the Magistrate Judge's recommendation to grant Defendants summary judgment on his RFRA claim regarding the denial of Halal meat at the 2006 Eid celebration, and reiterating his prayer oil claim. [Document # 34].

## II.    De Novo Review

After *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and objections thereto, I adopt the Report and Recommendation of the Magistrate Judge, with two exceptions:  (i) I am unwilling to adopt the Magistrate Judge's recommendation to deny summary judgment regarding Plaintiff's FTCA simple negligence claim against the United States; and (ii) I am unwilling to adopt the Magistrate Judge's finding that there is a genuine issue of material fact as to whether Defendants have satisfied the first factor of the Turner analysis regarding Plaintiff's First Amendment free exercise of religion claim.  The reasons for these exceptions are discussed more fully below.  I deny all other objections raised by the parties, and the Report and Recommendation will be adopted as the opinion of this Court in all other respects.[1]

### A.    FTCA Simple Negligence Claim

Construing Plaintiff's *pro se* complaint in the most favorable light, the Magistrate Judge determined that Plaintiff fairly stated a simple negligence claim under the FTCA with regard to Defendants' omission of his name from the call-out sheet for the 2006 Eid celebration. However, Defendants argue on objections that the Magistrate Judge erred in denying summary judgment on this claim because Plaintiff failed to allege more than a *de minimis* injury, as required by the FTCA.  In particular, 28 U.S.C. § 1346(b)(2) provides:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States ... **for mental or emotional injury suffered while in custody without a prior showing of physical injury.**

Here, Plaintiff has alleged that Defendants' actions "caused him to suffer fright,

---

[1]

In so doing, I uphold the Magistrate Judge's findings that:  (i) requiring Plaintiff to purchase prayer oil from the commissary did not place a substantial burden on his ability to practice his religion; (ii) a genuine issue of material fact exists as to whether Plaintiff was treated differently with respect to his religious dietary needs than other similarly situated inmates of different faith groups; (iii) a genuine issue of material fact exists as to whether Defendants Sherman and Robare were personally involved in the decision-making process regarding the provision of Halal meat at the 2006 Eid celebration; and (iv) the denial of Halal meat at the 2006 Eid celebration did not place a substantial burden on Plaintiff's ability to practice his religion under RFRA.

nervousness, worry, humiliation, embarrassment, apprehension, headaches, stomach cramps,

lost [sic] of appetite, chest pain, *inter alia*, and ordeal." (Complaint at ¶ 5.2). Defendants

contend that, to the extent these alleged injuries relate to Plaintiff's FTCA claim, they fail to

adequately allege a physical injury. (Document # 33, Defendants' Objections, at p. 7). I agree.

See, e.g., Michtavi v. United States, 2009 WL 578535 at * 5 (M.D.Pa. Mar. 4, 2009)(dismissing

FTCA claim, finding that complaints of depression and stress "are precisely the types of mental

and emotional injuries which § 1346(b)(2) precludes as the basis for an FTCA claim without a

showing of prior physical injury"). Accordingly, summary judgment will be awarded

Defendants with regard to Plaintiff's FTCA claim regarding the omission of his name from the

call-out sheet for the 2006 Eid celebration, to the extent such claim implicates simple

negligence.


### B.    Turner Analysis Regarding Free Exercise of Religion Claim

In her Report and Recommendation, the Magistrate Judge found that a genuine issue of

material fact existed "as to whether the Halal meat that was requested for the 2006 Eid

celebration would have been purchased from the food service budget, as Plaintiff contends, or

out of the religious service budget, as Defendants contend." (Document # 29 at p. 18). As a

result, the Magistrate Judge concluded that, for purposes of summary judgment, Defendants

were unable to satisfy the first factor of the four-factor test established by the Supreme Court in

Turner v. Safley, 482 U.S. 78 (1987).

In support of their objections to this finding, Defendants have submitted the

Supplemental Declaration of Defendant Olowin, which, they claim, conclusively demonstrates

that traditional or cultural food items, such as Halal meat for the 2006 Eid celebration, were to

be paid from the Religious Services' budget, which was insufficient to cover the cost of

providing such food. (Document # 33, Defendants' Objections, at p. 10). Defendant Olowin

acknowledges in his Supplemental Declaration that his original Declaration, which was

considered by the Magistrate Judge, "may have inadvertently confused the Court as to certain

issues," including the "distinctions between Halal foods and Halal meats, and between

4

ceremonial meals and traditional or cultural food items provided to supplement the meals." (Id.

at ¶ 4). As a result, Defendant Olowin has added, *inter alia,* the following clarifying statements

in his Supplemental Declaration:

> 9.    Halal meats such as beef, camel, ram or lamb are **not** required for
>       the Eid-ul-Adha ceremonial meal.  Although Halal lamb or other
>       appropriately slaughtered animal meat is a traditional food for the
>       Eid-ul-Adha, it is not a mandatory requirement for the ceremonial
>       feast.
>
>               *                    *                    *
>
> 14.   Accordingly, the applicable procedures demonstrate a distinction
>       between ceremonial meals – which are provided by Food Service
>       and paid for through that department's budget – and
>       traditional/ritual food items – which are provided to supplement
>       the mainline foods and paid for through Religious Services'
>       budget....
>
>               *                    *                    *
>
> 17.   ... [T]he funding for the Eid-ul-Adha ceremonial **meal** comes out
>       of the Food Services budget; except that any Halal lamb provided
>       **to supplement** the meal is provided with funding from the
>       Religious Services Department.  But as I previously explained,
>       the Chaplains at FCI McKean reasonably decided that our budget
>       constrained us from purchasing traditional or cultural food items
>       for any religious group during the 2006 fiscal year, including
>       Halal meat for the Eid-ul-Adha feast.

(Supplemental Declaration of Defendant Olowin attached as Exhibit 6 to Document # 33,

Defendants' Objections, at ¶¶ 9, 14, 17)(emphasis in original).

    With the benefit of Defendant Olowin's clarifications, I find that there is no genuine

issue of material fact as to whether Defendants' denial of Halal meat for the 2006 Eid

celebration was rationally related to a valid penological interest.  See Williams v. Morton, 343

F.3d 212, 217-18 (3d Cir. 2003)(budgetary constraints are a valid penological interest and

restricting religious and ceremonial meals is rationally related to that interest).  See also Fraise v.

Terhune, 283 F.3d 506, 516 (3d Cir. 2002); DeHart v. Horn, 227 F.3d 47, 53 (3d Cir. 2000).

Thus, contrary to the Magistrate Judge's finding, I conclude that Defendants have, in fact,

satisfied the first factor of the Turner analysis.  Having reached this conclusion, I must now

determine whether the penological interest advanced by Defendants satisfies the remaining three

Turner factors.

The second <u>Turner</u> factor "requires a court to assess whether inmates retain alternative means of exercising the circumscribed right." <u>Fraise</u>, 283 F.3d at 518 <u>quoting</u> <u>Turner</u>, 482 U.S. at 90. However, the analysis focuses specifically on whether Plaintiff "has alternative means of practicing his religion generally, not whether an inmate has alternative means of engaging in the <u>particular</u> <u>practice</u> in question." <u>DeHart</u>, 227 F.3d at 55 (emphasis added).

The final two factors "focus on the specific religious practice or expression at issue and the consequences of accommodating the inmate for guards, for other inmates, and for the allocation of prison resources." <u>Sutton</u> at * 15, <u>quoting</u> <u>DeHart</u>, 227 F.3d at 57.

Under <u>Turner's</u> third factor, this Court must examine the impact of an accommodation on other inmates, prison staff, and the available resources within the prison, but "should defer to prison officials when the accommodation 'will have a significant ripple effect on fellow inmates or on prison staff ....'" <u>Fraise</u>, 283 F.3d at 520 <u>quoting</u> <u>Turner</u>, 482 U.S. at 90.

The fourth <u>Turner</u> factor requires this Court to assess whether there are alternatives to the regulation that would impose only "*de minimis* cost to valid penological interests." <u>Turner</u>, 482 U.S. at 91. "The absence of ready alternatives is evidence of the reasonableness of a prison regulation." <u>Id</u>. However, "if an inmate claimant can point to an alternative that fully accommodates the prisoner's rights at *de minimis* cost to valid penological interests, a court may consider that as evidence that the regulation does not satisfy the reasonable relationship standard." <u>Id</u>.

With regard to the second <u>Turner</u> factor, it is apparent from the record that inmates were provided other means to honor the Eid celebration, including a day of work proscription, prayer services, and Halal foods made available either on the main food line or, for those on the religious diet program, from the common fare menu. (Olowin Declaration attached as Exhibit 2 to Document # 21, Defendants' Brief, at ¶¶ 15, 25; Desio Declaration attached as Exhibit 3 to Document # 21, Defendants' Brief, at ¶ 4). Thus, the second <u>Turner</u> factor weighs in favor of Defendants.

With regard to the third and fourth <u>Turner</u> factors, the record indicates that providing Halal meat at the 2006 Eid celebration would have required Defendants to provide traditional or

6

cultural food items to all other religious groups at FCI-McKean, which would have caused a further strain on scarce budget resources. (Olowin Declaration attached as Exhibit 2 to Document # 21, Defendants' Brief, at ¶¶ 2, 8).  Yet, Plaintiff has not provided any alternative solution that would fully accommodate his rights at a "*de minimis*" cost.  Accordingly, these factors weigh in favor of Defendants, as well.

Based on the foregoing, I find that Plaintiff's First Amendment free exercise of religion claim fails to satisfy any of the four factors enunciated by the Supreme Court in Turner, and should be dismissed as a matter of law.

AND NOW this  28th  day of September, 2009,

Following a *de novo* review of the record in this case,

IT IS HEREBY ORDERED that the Report and Recommendation by Magistrate Judge Baxter is adopted in part and rejected in part for the reasons explained herein.  As a result, Defendants' motion to dismiss, or in the alternative, motion for summary judgment [Document # 20] is granted in part and denied in part, as follows:

1. Defendants' motion is GRANTED with regard to:

   a. the dismissal of Plaintiff's RLUIPA and APA claims;

   b. Plaintiff's FTCA claims against the individual Defendants;

   c. Plaintiff's FTCA claims against the United States;

   d. Plaintiff's RFRA claims regarding the denial of Halal meat for the 2006 Eid celebration and the refusal to allow prayer oils to be purchased through the SPO program; and

   e. Plaintiff's First Amendment free exercise of religion claim;

   f. Plaintiff's Fifth Amendment due process claims.

2. Defendants' motion is DENIED with regard to:

   a. the requested dismissal of Defendants Sherman and Robare;

   b. Plaintiff's RFRA claims regarding the omission of his name from the call-out list for the 2006 Eid celebration, and the failure and/or refusal to place his name on the call-out list for the Jumu'ah prayer service for a period of

three months;

    c.        Plaintiff's Fifth Amendment equal protection claim;

    d.        Plaintiff's retaliation claim; and

    e.        the individual Defendants' claim of qualified immunity.


_____
SEAN J. MCLAUGHLIN
United States District Judge

cc:    The Honorable Susan Paradise Baxter
       United States Magistrate Judge